UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARA J. OLIVERSON,

                Plaintiff,

   v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. 2:16-cv-01538-KLS

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On January 27, 2010, plaintiff filed an application for disability insurance, alleging she became disabled beginning July 1,2008. Dkt. 7, Administrative Record (AR) 11. That application was denied on initial administrative review and on reconsideration. *Id.* At a hearing held before an Administrative Law Judge (ALJ), plaintiff appeared and testified, as did a lay witness and a vocational expert. AR 41-84.

In a written decision dated September 21, 2012, the ALJ found that plaintiff could

ORDER - 1

perform her past relevant work, and therefore that she was not disabled. AR 123-32. Plaintiff's request for review was granted by the Appeals Council, which remanded the matter for further administrative proceedings. AR 141-43. On remand, a second hearing was held before the same ALJ, at which plaintiff appeared and testified, as did the same vocational expert. AR 85-132.

In a written decision dated March 26, 2015, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 11-23. On July 29, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner, which plaintiff then appealed in a complaint with this Court on October 1, 2016. AR 1; Dkt. 1; 20 C.F.R. § 404.981.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, arguing the ALJ erred:

(1) in evaluating the opinion evidence from Amy Picco, M.D., Kristine L. Young, PA-C, Ryan Jeffrey, DC, Leslie Postovoit, Ph.D., Kent Reade, Ph.D., Jacqueline Farwell, M.D., Dale Thuline, M.D., Jeremy Biggs, M.D., and Aaron Hunt, M.D.;

(2) in discounting plaintiff's credibility;

(3) in rejecting the lay witness evidence in the record;

(3) in assessing plaintiff's residual functional capacity (RFC); and

(4) in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in evaluating the opinion evidence from Ms. Young, and therefore in assessing plaintiff's RFC and in finding she could perform other jobs existing in significant numbers in the national economy. Also for the reasons set forth below, however, the Court finds remand for further administrative proceedings, rather than an outright award of benefits, is warranted.

ORDER - 2

# DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.  The ALJ's Evaluation of the Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and

ORDER - 3

conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

ORDER - 4

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

With respect to the opinion evidence in the record, the ALJ found in relevant part:

I have assigned little weight to . . . :

    (3)    The January 2012 assessment of primary care provider Kristine Young, PA-C, relating among other limitations that the claimant was unable to sit, stand, and walk for a total of eight hours a day, and that she had manipulative limitations; and

    (4)    Physician Assistant Young's January 2015 assessment that the claimant was unable to sit or stand/walk for even two hours in an eight-hour workday, that she required the flexibility to alternate positions at will, that she had to elevate her legs 50% of the time, that she could only rarely lift less than 10 pounds, that her pain and other symptoms would constantly interfere with her attention and concentration on even simple work tasks, and that she was incapable of performing even low stress jobs, and that she would miss more than four days of work per month due to her impairments, among other limitations.

. . . Physician Assistant Young's opinions are inconsistent with the claimant's longitudinal treatment history, the objective clinical findings, her performance on physical examinations, and her independent daily activities set forth above. . . .

. . . Physician Assistant Young's opinions were based at least in part on the

ORDER - 5

claimant's self-report, but, as noted she is not entirely credible.

AR 20-21 (internal citations omitted). Plaintiff argues the ALJ failed to provide valid reasons for rejecting Ms. Young's opinions here. The Court agrees.

A physician's assistant is an "other medical source," who is "not technically deemed to be" an "acceptable medical source," but whose opinion nevertheless is considered "important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the" record. SSR 06-03p, 2006 WL 2329939 *3. Further, "depending on the particular facts in a case," an "other medical source" opinion "may outweigh the opinion of an 'acceptable medical source.'" *Id.* at *5; *see also Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996) ("acceptable medical sources" include, among others, licensed physicians and licensed or certified psychologists).

As noted above, the ALJ rejected Ms. Young's opinions because they were inconsistent with plaintiff's longitudinal treatment history, the objective clinical findings, and plaintiff's performance on physical examinations. As plaintiff points out, these stated reasons hardly amount to more than boilerplate language, and therefore form an insufficient basis upon which to discount the opinion of a treating medical source. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). In addition, although the Court itself may draw "specific and legitimate inferences from the ALJ's opinion," it is not entirely clear which aspects of the objective clinical findings or plaintiff's treatment history or physical examinations the ALJ relied on to discount Ms. Young's opinions. *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

As plaintiff further points out, Ms. Young has been her treatment provider since at least

ORDER - 6

late 2010, and many of Ms. Young's treatment records from that period indicate the existence of pain and tenderness on examination, including "severe tenderness," despite the fact that plaintiff may have received a level of efficacy resulting from treatment at times. AR 689, 951; *see also* AR 686, 737, 790, 793, 825-26. Other treatment and physical examination records also reveal the presence of significant and abnormal clinical findings. *See* AR 479, 518, *750-51, 756-59*, 917-32. Nor does the mere fact that Ms. Young may have based her opinion "at least in part on" plaintiff's self-reporting provide a sufficient basis for rejecting that opinion, where, as here, the record fails to show she relied *primarily* or *to a large extent* on that reporting.[1] *See* AR 1030-35; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.").

II. The ALJ's Assessment of Plaintiff's RFC

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based

---

[1] Defendant offers as a basis for upholding the ALJ's findings the fact that Ms. Young's January 2015 opinion was offered several years after plaintiff's date last insured of December 31, 2012. Dkt. 13. The ALJ, however, did not offer this as a reason for rejecting it. Accordingly, the Court will not do so on that basis. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (the court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (finding it is error to affirm an ALJ's decision based on evidence the ALJ did not discuss).

ORDER - 7

on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found plaintiff had the RFC:

**to perform sedentary work. . . . She could occasionally climb ramps and stairs, squat, stoop, crouch, crawl, and kneel. She could not climb ladders, ropes, or scaffolds. She was limited to unskilled, repetitive, routine work involving occasional contact with the public, supervisors, and coworkers. She required the flexibility to be absent from work one time per month. She could be off task at work for up to 9% of the time but she would have still met minimum productions requirements of the job.**

AR 16 (emphasis in the original). But because as discussed above the ALJ erred in failing to properly evaluate the opinion evidence from Ms. Young, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's limitations. The Court also agrees with plaintiff that the ALJ failed to point to any evidence in the record – or offer any explanation – to support the limitation of being off task for up to 9% of the time. Accordingly, the ALJ erred here as well.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

ORDER - 8

An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 22-23. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – also cannot be said to be supported by substantial evidence or free of error.

III.     Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further

ORDER - 9

administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Although plaintiff requests remand for an outright award of benefits, the Court finds that because issues remain in regard to the opinion evidence, plaintiff's RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues instead is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 17th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10